UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: SHAWN J. BROWN-TROOP                    Case No. 19-mc-13-pp

**ORDER DENYING REQUEST FOR EXTENSION OF TIME (DKT. NO. 1) AND DISMISSING CASE**

On May 7, 2019, the court received from Mr. Brown Troop a Motion for Stay on Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody. Dkt. No. 1. Because Mr. Brown-Troop did not have an open case before the court, the clerk opened a miscellaneous case, docketed the motion and assigned the miscellaneous case to this court. Id.

In the motion, Mr. Brown-Troop explains that the Wisconsin Supreme Court denied his petition for review on December 11, 2018, and that he plans to file a state post-conviction motion alleging ineffective assistance of trial counsel under Wis. Stat. §974.06. Id. The motion asks the court to stay Mr. Brown-Troop's "motion for federal claims due to unexhausted state claims." Id.

A person in state custody has one year to file a petition for *habeas corpus* review in federal court, and that one year begins to "run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). A federal court cannot "extend" that one-year time limit. The question is when the one-year time starts to run, and that depends on what actions the person has taken in his state case. There are cases that discuss when a judgment

1

becomes "final," and that issue can be complicated. It is true that the federal *habeas* statute has "tolling" provisions that exempt certain periods of time from counting toward the one-year limitations period. For example, 28 U.S.C. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Until Mr. Brown-Troop files a *habeas* petition, however, the court will not be able to tell whether any time has been "tolled" or whether his petition would be barred by the statute of limitations.

The court does not have the authority to extend the deadline for Mr. Brown-Troop to file his petition. It can advise him only to conduct research into the question of whether his conviction has become "final" and, if so, when; and then to make sure that he files his *habeas* petition within one year of the date the conviction becomes, or became, final.

The court **ORDERS** that Mr. Brown-Troop's motion is **DENIED.** Dkt. No. 1.

The court **ORDERS** that the case is **DISMISSED.**

Dated in Milwaukee, Wisconsin this 13th day of May, 2019.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**